E-filing

FILED
2007 JUN -4 AM 9:02
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

MARK KROTOSKI (CASBN 138549)
Chief, Criminal Division

GEORGE L. BEVAN JR. (CASBN 65207)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, CA, 94612
Telephone: 510-637-3689
Fax 510-637-3679
george.bevan@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHANENEE MYESIA PROSSER,<br><br>Defendant. | CRIMINAL NO. 07-70324 WDB<br><br>NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(c)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on June 1, 2007, IRS agents took the above-referenced defendant into their custody on a no bail arrest warrant (Exhibit A attached) issued by a United States Magistrate Judge on a criminal complaint (Exhibit B attached) filed in the Eastern District of California (Fresno) on that same date. The criminal complaint charges the defendant with two counts of submitting a false claim with the Internal Revenue

//
//
//

1

Service in violation of 18 U.S.C. § 287, each carrying a maximum penalty of five years imprisonment, a $250,000 fine, 3 years supervised release, and a $100 special assessment.

Respectfully Submitted,

SCOTT N. SCHOOLS
United States Attorney

Date: 6/4/07

GEORGE L. BEVAN, JR.
Assistant United States Attorney

AO 442 (Rev. 10/95) Warrant for Arrest

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | T: 07 MJ 00133   SMS |
|---|---|
| v. | |
| SHANENEE MYESIA PROSSER | WARRANT FOR ARREST |

YOU ARE HEREBY COMMANDED to arrest **SHANENEE MYESIA PROSSER**

and bring him or her forthwith to the nearest magistrate to answer a(n)

___ Indictment   ___ Information   _xx_ Complaint   ___ Order of court   ___ Violation Notice   ___

charging him or her with (brief description of offenses)

False Claims to an Agency of the United States

in violation of Title 18, United States Code, Section 287

SANDRA M. SNYDER

Name of Issuing Officer

Signature of Issuing Officer

Bail fixed at $ No Bail by

U.S. MAGISTRATE JUDGE

Title of Issuing Officer

Date and Location

Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at ___ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

Ex. A

AO 91 (Rev. 10/95) Criminal Complaint

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**ORIGINAL FILED**

JUN 0 1 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

UNITED STATES OF AMERICA
v.

## CRIMINAL COMPLAINT

SHANENEE MYESIA PROSSER,

1: 07 MJ 00 1 3 3    SMS

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about January 25, 2006, and January 14, 2007, in the Eastern District of California and elsewhere, the defendant did knowingly submit a false claim to the Internal Revenue Service, an agency of the United States.

in violation of Title 18, United States Code, Section 287 (Two Counts). I further state that I am a(n) and that this complaint is based on the following facts:

___ Continued on the attached sheet and made a part hereof.

_____
Signature of Complainant

Sworn to before me, and subscribed in my presence
June 1, 2007                            at    Fresno, CA
Date                                          City and State

SNYDER
U.S. Magistrate Judge                         _____
Name and Title of Judicial Officer            Signature of Judicial Officer

Ex. B

# AFFIDAVIT

I, Paul Miramontes, am a Special Agent with the Internal Revenue Service (IRS), Criminal Investigation Division, being duly sworn depose and state as follows to wit:

1. I am currently assigned to the Modesto post-of-duty. I am a graduate of the Criminal Investigator Training Program and Special Agent Investigative Techniques at the Federal Law Enforcement Training Center in Glynco, Georgia. There I received intense training to conduct criminal investigations and financial analysis. My duties as a Special Agent include the investigation of possible violations of Title 26, Title 31, and Title 18 of the United States Code. In 1991, I received a Bachelor's of Science Degree in Business Administration, majoring in Accounting from the University of Nevada, Reno. In 2001, I received a Master of Science Degree in Information Technology in Education from the same university. I have been an employee of the Internal Revenue Service, Criminal Investigation Division since February 2006 during which time I have conducted criminal investigations and analyzed various financial records. I have been involved in the execution of various financial search warrants involving investigations on money laundering and income tax violations. Prior to my employment with the Internal Revenue Services I was an Agent (investigator) with the State of Nevada Gaming (Gambling) Control Board for over 7 years. I conducted numerous investigations on individuals and businesses applying for a gambling license. My investigations with the Board included personal financial and tax return analysis to verify and/or reveal sources of income. This investigation has been conducted under the supervision of Supervisory Special Agent Jean Noll. Supervisory Special Agent Noll has been a special agent for over 19 years including over a year as a supervisor. Prior to becoming a special agent, Supervisory Special Agent Noll was a Revenue Agent with the IRS for over four years during which time she audited self employed individuals, partnerships and corporations. As a special agent she has conducted numerous investigations involving money laundering and tax fraud violations. Supervisory Special Agent Noll has authored several search warrant affidavits as well as been involved in the preparation

1

and execution of numerous search warrants to obtain evidence of tax fraud, money laundering and other financial crimes involving fraud.

2. I make this affidavit in support of a compliant concerning the offense of False Claims to an Agency of the United States, in violation of Title 18, United States Code, Section 287.

## FACTS SUPPORTING PROBABLE CAUSE

### A. The Earned Income Tax Credit (EIC) Tax Subsidy

3. The Earned Income Credit (EIC) is a subsidy for low-income families where the IRS provides a refundable credit to the person earning income. To qualify for the credit, one must work and earn income, which can be either wages earned or income derived from an individual's business. The amount of the credit and the resulting refund varies with the taxpayer's income amount, the number of dependents claimed on the tax return, and the filing status used. As the earned income increases, so does the EIC until it peaks and then diminishes as earned income continues to increase. The following is an example of how EIC amounts are affected for 2006 tax returns claiming a filing status of Single or "Head of Household" with two dependants, with varying income amounts:

| Year | Earned Income Range | Refund Amount for EIC |
|------|---------------------|------------------------|
| 2006 | $5,000              | $2,010                 |
| 2006 | $11,300 - $14,850   | $4,536                 |
| 2006 | $20,000             | $3,438                 |

Most refund schemes will attempt to claim the EIC refund by reporting income in the range to qualify for the credit. With this scheme, 75% of the returns reported less than $20,000 in wages; however the EIC amounts still remain high, averaging $2,500 per tax return. The large refunds in this scheme are around $7,000, which includes EIC, false withholding amounts and the Child Tax Credit (CTC).

2

### B.    The Child Tax Credit

4. Most families who are eligible for the EIC are also eligible for the CTC. To claim the CTC, you must have at least one "qualifying" child and have income under a certain limit, depending upon your tax filing status (e.g., single, married filing jointly, etc.). The definition of "qualifying child" is similar to the definition used for a qualifying child for the EIC. In this scheme 92.5% of the returns claimed the EIC and 96.3% of the returns claimed at least one dependent child.

5. If eligible, the CTC reduces the federal income tax owed by up to $1,000 for each qualifying child under the age of 17. If the amount of the CTC is greater than the amount of income tax owed, an individual may be eligible to claim some or all of the difference as an "additional" Child Tax Credit. In order to be "refunded" the CTC for the 2006 tax year, a person must have taxable earned income above $11,300 and owe less in taxes than the CTC amount claimed. All but five of the returns in the scheme reported earned income greater than $11,300 and 84.5% of the returns claimed the CTC.

### Background of Fraudulent Scheme

6. In February 2007, The Internal Revenue Service, Criminal Investigation Fraud Detection Center (FDC) detected a fraudulent income tax refund scheme based in Fresno, California and the Bay area. The scheme developed from information provided by an H&R Block employee who stated a Fresno resident was obtaining false Forms W-2 from the Bay Area and bringing them back to Fresno. Two returns which H&R Block believed to be fraudulent were pulled and provided to IRS Special Agent John Broussard. The tax returns were given to the Fraud Detection Center (FDC) in Fresno, California the following day. FDC analyst, Rosemary Ceja was assigned to review the information. Ceja accessed the IRS database and verified both returns were filed with the IRS. In fact, both returns were already flagged by the IRS' Electronic Fraud Detection System (EFDS) as having false Forms W-2. Ceja then looked

3

for other returns that had been filed using the exact wage and withholding amounts stated on the Forms W-2 of the filed returns. The search resulted in additional returns from the Fresno and Bay Areas matching in wage and withholding amounts utilizing different employers. EFDS had already flagged the returns as fraudulent and stopped the payment of refunds on a majority of the returns. From this initial information, Ceja expanded her search to the various employers found in the returns to look for additional returns with similar characteristics, including wage and withholding, employers and occupation. From that point, other wage and withholding amounts were revealed and new employers were discovered as well.

7. The false refund scheme mainly involves the filing of electronically transmitted federal income tax returns by IRS licensed Electronic Return Preparers, mainly H&R Block and Jackson Hewitt Tax Services. All of the returns were electronically sent to the IRS Service Center in Fresno, California for processing. The income for these false returns is based on false Forms W-2, being false generally as to the employer, wages and withholding. The employer and EINs being used on the false Forms W-2 are legitimate; however, the individuals did not work for the employer during the years reported. The individuals filing the false income tax returns are real people, using their own name and Social Security numbers, who are obtaining and attempting to obtain Refund Anticipation Loans (RAL) from a bank, based upon their prescribed tax refund. As detailed below, the investigation has determined that numerous individuals from, in or about the Fresno and Bay areas have submitted false tax returns as described in this paragraph. In addition, these individuals have requested and many times obtained, false and fraudulent tax refunds based on the false returns.

8. The claimants mainly attempted to obtain a RAL or a bank loan check based upon the amount of the refund. The bank providing the loan check (RAL) to the claimant does an initial credit check and if the IRS accepts the electronically filed tax return, the bank issues a loan check (RAL) (less fees and short term interest) usually the same day or the next day. The tax return is

4

"accepted" by the IRS if the filer's name and Social Security Number (SSN) matches on the tax return, the dependant names and SSN match, and the employer name and Employer Identification Number (EIN) matches. There is not a determination by the IRS of the accuracy of the return, the wage amounts, or employer information at this point. When the claimant receives the RAL check within about one day of the tax return being accepted, the bank takes the risk of waiting for the IRS to process the tax return (about 2-4 weeks). After the IRS processes the tax return, the bank receives the tax refund to satisfy the Refund Anticipation loan RAL check.

9. If the individual filing the electronic tax return does not qualify by the bank for the instant tax refund or RAL, the individual is placed into a waiting category, usually for about 2-4 weeks, to then obtain a bank "Refund Anticipation Check" (RAC). The RAC is a bank check, handed to the individual by the tax preparation office, issued by the bank once the bank receives the tax refund amount from the IRS. These checks are generally printed by the tax preparation office. There are processing fees for this RAC but no loan interest is charged as in a RAL. The individual also has the option of bypassing the bank and have the tax refund check sent from the IRS directly to the home or bank account; however, the wait is also 2-4 weeks.

10. A tax refund is normally generated when an individual withholds income greater than the amount of tax due. Credits and government subsidy programs can also increase the amount refunded. All of the tax returns filed in this scheme claimed withholdings, while 92.5% claimed the EIC and 84.5% claimed the CTC. The refunded amounts were based on false Forms W-2 provided when the tax returns were prepared and are fraudulent since the individual did not work or earn income from the employer that year.

11. The following information is based on my personal observations and review of various tax records of the IRS, review of records and discussions with various tax return preparers, review of information by Criminal Intelligence personnel at the FDC, records maintained by the IRS and other federal and state government agencies.

5

12. As described more fully in this affidavit for a complaint, there is probable cause to believe that the defendant executed and participated in a scheme to prepare and file fraudulent federal income tax returns with the IRS based mainly on false and fictitious Form W-2 in order to receive tax refunds to which they are not entitled.

13. At this stage of the investigation, this scheme appeared to be broad in scope and covered a large geographical area. It is therefore likely that the assistance of other people was required, since various addresses utilized are spread over the Fresno and Bay areas.

14. SHANENEE MYESIA PROSSER (DOB: 12/24/1975), 1524 Filbert Street, Apt 6, Oakland California 94607, filed an electronic income tax return, claiming tax refunds based on Form W-2 presented when the tax return was prepared. The IRS has positively verified the name and respective social security number for PROSSER. In addition, representatives from the tax preparation agency disclosed that each individual was required to provide photo identification in order to file the return electronically. Therefore, it is believed PROSSER applied for and received or attempted to receive a false tax refund as noted.

15. IRS and Jackson Hewitt records show that on or about January 25, 2006 SHANENEE MYESIA PROSSER filed a false 2005 Federal Income Tax return electronically from the Jackson Hewitt office, located at 14818 East 14th Street, San Leandro, CA 94578. Once there, PROSSER provided a CIC and a Form W-2 which was used to prepare PROSSER's 2005 Federal Income Tax Return. The Form W-2 stated PROSSER worked at Made You Smile Inc. in 2005, earning wages of $25,090. The tax return was filed at the IRS Service Center in Fresno, California, with a filing status as head of household with one dependent and claimed a refund of $2,423. IRS records show PROSSER was paid a refund of $2,423 on or about February 3, 2006. Made You Smile Inc. was contacted and confirmed that PROSSER did not work for the company in 2005 and the Form W-2 was false as to the employer and the amount of wages and withholdings.

16. PROSSER applied for and obtained a Refund Anticipation Loan of $2,067 on or about January 26, 2006 from Santa Barbara Bank & Trust. The amount consisted of an initial loan of $2,423 minus bank fees of $143 and tax preparation fees of $213.

17. IRS and Jackson Hewitt records show that on or about January 14, 2007 SHANENEE MYESIA PROSSER filed a false 2006 Federal Income Tax return electronically from the Jackson Hewitt office, located at 1174 West Tennyson Road, Hayward, CA 94544. Once there, PROSSER provided a CIC and a Form W-2 which was used to prepare PROSSER's 2006 Federal Income Tax Return. PROSSER claimed on her Form W-2 that she worked at Best Buy Stores LP in 2006, earning wages of $19,462. The tax return was filed at the IRS Service Center in Fresno, California, with a filing status as head of household with two dependents and claimed a refund of $6,932. IRS records show the refund payment was stopped. Best Buy Stores LP was contacted and confirmed that PROSSER did not work for the company in 2006 and the Form W-2 was false as to the employer and the amount of wages and withholdings.

18. PROSSER applied for and was denied a Refund Anticipation Loan of $6,932 on or about January 16, 2007 from Santa Barbara Bank & Trust.

19. On June 1, 2007, PROSSER talked to IRS Special Agents at the Alameda County Superior Courthouse located at 1225 Fallon Street, Oakland, California. PROSSER provided no identification, but identified herself as SHANENEE PROSSER. PROSSER identified her signature on her 2006 RAL application and 2006 Form 8879. When shown the 2006 Form W-2, she stated it was the one she gave to the tax preparer and that she did not work for Best Buy in 2006. She identified the dependents on her 2006 tax return and stated the return appeared to be the one she had done. PROSSER also identified her signature on her 2005 RAL application and 2005 Form 8879. PROSSER recoginized the 2005 Form W-2 as the one she received and admitted she never worked for the company listed on the form. PROSSER also identified her signature on a copy of her 2005 RAL check and admitted to cashing the check.

7

20. Based upon my training and experience, and on the facts set forth in this Affidavit, I believe there is probable cause to arrest SHANENEE MYESIA PROSSER in violation of Title 18, United States Code, Section 287 (False Claims to the United States).

PAUL MIRAMONTES
Special Agent
United States Treasury
Internal Revenue Service

Subscribed and sworn to before me this 1st day of June, 2007.

UNITED STATES MAGISTRATE JUDGE
SM SNYDER

8